IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANO VALENZUELA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF CALEXICO, SERGEANT FRANK URIARTE, OFFICER PETER J. WEST, OFFICER VICTOR FLORES, OFFICER CARLOS RAMIREZ, Chief of Police POMEYO TABAREZ, Former Chief of Police JIM NEUJAHR, and DOES 1 through 25, inclusive,<br><br>　　　　　　　　Defendants. | Case No.　　14cv481-BAS-PCL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR DOCUMENTS** |

## I. INTRODUCTION

Pursuant to the Court's Pitchess Procedures and the agreement of the parties, Defendants' attorney, Konrad M. Rasmussen, has submitted a copy of the internal law enforcement personnel files of Calexico Police Department for Defendants Ramirez and Flores to the Court for *in camera* review. The documents are numbered "City 0072" through "City 01553."[1] Plaintiffs have requested documents: 120-125; 127-158; 161; 167-168; 176; 178-179; 181; 185-205; 206-229; 230-254; 255-279; 280-306; 307-320; 321-340; 341-381; 382-417; 418-474; 475-516; 517-590; 591-632; 634-635; 658; 664-676; 684; 685-690; 700-701; 704; 705-706; 734-736; 810-814; 815-818; 819-832; 833-892; 893-924; 925-944; 945-

---

[1] All further document numbers refer to this set of documents.

999; 1021-1042; 1388-1402; 1403-1429; 1430-1439; 1500-1534; and 1535-1553. After thorough review, the Court orders the motion be **GRANTED IN PART AND DENIED IN PART**, as discussed below.

## II. DISCUSSION

Plaintiff seeks production of documents identified in Defendants' privilege log, pursuant to the stipulated protective order in this action. The documents at issue are contained in the personnel files of Defendants Flores and Ramirez. Defendants object to the release of these documents on the basis of privacy rights, relevance, and official information privilege.

Federal Rule of Civil Procedure 26(b) provides that any non-privileged material that is relevant to a party's claim or defense is discoverable. To be discoverable, the information does not have to be admissible–it needs to be relevant information that appears to be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

Moreover, "Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. July 17, 1995). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy asserted." Id. In regards to official documents, the balancing approach "is moderately preweighted in favor of disclosure." Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D.Cal.1987).

Regarding Plaintiff's instant request, the Court finds that documents: 120-125; 161; 169; 176; 178-179; 181; 185-205; 255-279; 280-306; 307-320; 321-340; 382-417; 475-516; 517-590; 591-632; 658; 664-676; 684; 685-690; 700-701; 704; 705-706; 734-736; 833-892; 925-944; 945-999; 1021-1042; 1388-1402; 1430-1493; 1500-1534; and 1535-1553 are not relevant to Plaintiff's lawsuit, or have already been produced according to Defendant's privilege log.

However, the Court does find that documents: 127-158; 167-168; 206-229; 230-254; 341-381; 418-474; 634-635; 810-814; 815-818; 819-832; 893-924; and 1403-1429 are

relevant to Plaintiff's claims. Plaintiff could potentially use the information in these documents to support their claim that Defendants Flores and Ramirez engaged in a pattern of behavior, or that their claim that City of Calexico engaged in improper practices and procedures when it hired and subsequently trained, supervised, and disciplined these Officers. At the very least, the information in these documents may lead to discoverable material. Defendants' privacy concerns are outweighed by Plaintiff's need for this information to support their case. Also, the parties put into place a carefully crafted protective order which should help maintain Defendants' privacy rights.

### III. CONCLUSION

The Court **ORDERS** Defendants to produce law enforcement personnel records for Defendants' Flores and Ramirez, as contained in documents: 127-158; 167-168; 206-229; 230-254; 341-381; 418-474; 634-635; 810-814; 815-818; 819-832; 893-924; and 1403-1429.

**IT IS SO ORDERED.**

DATED: February 19, 2015

Peter C. Lewis
United States Magistrate Judge

cc:  The Honorable Cynthia Bashant
     All Parties and Counsel of Record