IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANO VALENZUELA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF CALEXICO, SERGEANT FRANK URIARTE, OFFICER PETER J. WEST, OFFICER VICTOR FLORES, OFFICER CARLOS RAMIREZ, Chief of Police POMPEYO TABAREZ, Former Chief of Police JIM NEUJAHR, and DOES 1 through 25, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No. 14-cv-481-BAS-PCL<br><br>**ORDER RE:**<br><br>**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>[Doc. 17] |

## I. INTRODUCTION

Now before the Court is Plaintiff's Motion to Compel, filed on January 27, 2015 pursuant to the Federal Rule of Civil Procedure, Rule 37(a)(1). (Doc. 17.) Plaintiff seeks to compel the Defendants to: (1) respond to Plaintiff's interrogatories, Set One, Nos. 11 and 12; (2) comply with Plaintiff's request for production of documents, Set One, No. 31; and (3) respond to Plaintiff's requests for admissions, Set One, Nos. 19 through 31. (Id.)

The Court has read and considered all of the documents filed in connection with this motion, including Plaintiff's moving papers (Doc. 17), Plaintiff's exhibits (Docs. 17-1 through 17-5), and supporting declaration of Brody McBride (Doc. 17-1); Defendants' Opposition (Doc. 21), objections to Mr. McBride's declaration (Doc. 21-1), and Request for Judicial Notice (Doc. 21-2); and Plaintiff's Reply (Doc. 24). As discussed below, the Court **DENIES** Plaintiff's Motion to Compel.

## II. BACKGROUND

This case arises from the alleged illegal arrest of the Plaintiff, Mr. Valenzuela, and the use of excessive force during that arrest by Defendants Ramirez and Flores on June 11, 2013. (Doc. 1, at 6-9.) Plaintiff's causes of action arising from this incident include: (1) false arrest and imprisonment; (2) battery; (3) negligence; (4) unlawful seizure, arrest, and detention; (5) unlawful entry into home; (6) use of excessive force; (7) a claim against Defendant City of Calexico under Monell v. Dept. of Soc. Serv. of the City of New York, 436 U.S. 658 (1978); (8) failure to properly train; (9) failure to supervise and discipline; and (10) violations of the Bane Act, California Civil Code §§ 52.1 and 52. (Id.)

## III. DISCUSSION

**A. Standard on Motion to Compel**

Rule 37 of the Federal Rules of Civil Procedure enables the propounding party to bring a motion to compel responses to discovery. Fed.R.Civ.P. 37(a)(3)(B). The party opposing discovery bears the burden of resisting disclosure. Miller v. Pancucci, 141 F.R.D. 292, 299 (C.D.Cal.1992). Additionally, the moving party carries the burden of informing the court: (1) which discovery requests are the subject of his motion to compel; (2) which of the defendants' responses are disputed; (3) why the responses are deficient; (4) the reasons defendants' objections are without merit; and (5) the relevance of the requested information to the prosecution of his action. See, e.g., Brooks v. Alameida, No. CIV S–03–2343–JAM–EFB P, 2009 WL 331358, at *2 (E.D.Cal. Feb.10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, No. CIV 02–05646–AWI–SMS PC, 2008 WL 860523, at *4 (E.D.Cal. Mar.27, 2008) ("Plaintiff

must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified."). Williams v. Adams, 105-CV-00124AWISMSPC, 2009 WL 1220311 (E.D. Cal. May 4, 2009). Additionally, a litigant may not file suit in order to "use discovery as the sole means of finding out whether [she has] a case." Szabo Food Serv. Inc. v. Canteen Corp., 823 F.2d 1073, 1083 (7th Cir.1989).

Lastly, when deciding whether to grant a motion to compel response to discovery request or interrogatory, the court considers the prior efforts of the parties to resolve the dispute, the relevance of the information sought, and the burden or expense of production. Barnes v. D.C., 289 F.R.D. 1 (D.D.C. 2012).

**B. Relevance**

It is well established that a party may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense. Fed.R.Civ.P. 26(b)(1). Relevant information need not be admissible at trial so long as the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. Id. Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matter that could bear on, any issue that may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)) (footnote omitted). However, liberal discovery does not mean unlimited discovery, Oppenheimer, 437 U.S. at 351–52, and Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and dictate its sequence. CrawfordEl v. Britton, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).  District courts have broad discretion to determine relevancy for discovery purposes. Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir.2002).

On August 22, 2014, Plaintiff served Defendants with discovery requests, Set One. (Doc. 17-1, "Declaration of Brody McBride," ¶3.)[1] On October 3, 2014, Defendants responded to Set

---

[1] The Court has no original copy of Plaintiff's discovery requests, Set One, to verify this date. The interrogatories, requests for production of documents, and requests for admissions themselves are produced for the Court, in full, only through Defendant's Responses. (Docs. 17-3; 17-4; 17-5.)

One and objected to Interrogatories Nos. 11 and 12, Request for Production of Documents No. 31, and Requests for Admissions, Nos. 19, 23, and 28, as irrelevant. (Id. at 9-10.) Interrogatories 11 and 12 present the following requests:

> 11. State any and all reasons why CPD Sergeant German Duran approached Plaintiff while Plaintiff was in Alex Rivera Park on May 23, 2014.
>
> 12. If CPD Chief Pompeyo Tavarez and CITY employee Nick Servin have ever had any conversations in which Plaintiff's name was mentioned, please state the content of any and all such conversations, including any facts pertaining to Plaintiff or the mention of Plaintiff's name.

(Doc. 17-3, at 9.) Plaintiff's Request for Production of Documents No. 31 states:

> 31. Please produce any and all DOCUMENTS relating to any calls or reports received by the CPD that people were having sex in Alex Rivera Park on May 23, 2014.

(Doc. 17-4, at 14.) Lastly, Plaintiff's Requests for Admissions, Nos. 19, 23, and 28, state:

> 19. Admit that on the morning of May 23, 2014, CPD sergeant German Duran approached Plaintiff while Plaintiff was in Alex Rivera Park.
>
> 23. Admit that on or about June 20, 2014, CPD Chief Pompeyo Tavarez and Officer C. Gonzalez met with CITY employee Nick Servin.
>
> 28. Admit that after CPD Chief Pompeyo Tavarez and officer C. Gonzalez met with CITY employee Nick Servin on or about June 20, 2014, Mr. Servin instructed CITY employee Nick Fenly to write a reprimand to Plaintiff.

(Doc. 17-5, at 8-10.)

Defendant provided identical responses to interrogatories 11 and 12, request for production of documents No. 31, and request for admissions Nos. 19 and 23, which read:

> Objection. This [request] seeks information which is neither relevant to any claim or defense, nor reasonably calculated to lead to discovery of admissible evidence.

(Doc. 17-3, at 9; Doc. 17-4, at 14; Doc. 17-5, at 8-10.) Defendant's response to Request for Admission No. 28 presents a relevance objection as well, but also objects to the form of the request for admission as compound. (Doc. 17-5, at 10-11.)

Defendants' responses are effectively boilerplate, if not marginally better, and their objections should have been argued with specificity. See Walker v. Lakewood Condo. Owners Ass'n, 186 F.R.D. 584, 587 (C.D.Cal.1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.") However, Defendants have elaborated on their relevance argument in their opposition, and the Court will consider that argument here. See

1  Calderon v. Experian Info. Solutions, Inc., 290 F.R.D. 508, 516 n. 4 (D. Idaho 2013).

2  　　　　The Court agrees with Defendants that the alleged events of May 23, 2014 are irrelevant
3  to this action as pleaded. Indeed, "the complaint makes no claim of harassment or retaliation"
4  stemming from any incident other than the events of June 11, 2013. (Doc. 21, at 2.) The scope
5  of the complaint does not appear to contemplate any theory of ongoing harassment or retaliation
6  which makes post-event evidence relevant: "harassment" is mentioned only in relation to the
7  alleged events of June 11, 2013, and retaliation is not mentioned at all. (See Doc. 1.) While the
8  Court recognizes that "post-event evidence is not only admissible for purposes of proving the
9  existence of a municipal defendant's policy or custom, but may be highly probative with respect
10 to that inquiry," Henry v. Cnty. of Shasta, 132 F.3d 512, 519 (9th Cir.1997), as amended, 137
11 F.3d 1372 (9th Cir.1998), there are simply no allegations in Plaintiff's complaint which suggest
12 the events on May 23, 2014 are relevant to the events of June 11, 2013. (See Doc. 1.)

13 　　　　Similarly, there are no allegations in the complaint which explain the nature, or even the
14 presence, of a prevalent custom or policy instituted by Defendants. To succeed on his Monell
15 cause of action, Plaintiff must prove, and thus allege, that his constitutional rights were violated
16 as a result of a widespread policy, practice, or custom that Defendants were aware of but failed
17 to correct. Monell, 436 U.S. 658, 694. In order to prevail on this theory of liability, Plaintiff must
18 prove more than just one, or two, or even three instances of similar constitutional violations
19 resulting from the widespread custom of the defendants. See Thomas, 604 F.3d at 303 (citing
20 Cosby v. Ward, 843 F.2d 967, 983 (7th Cir.1998). Further, "Plaintiff must demonstrate that there
21 is a policy at issue rather than a random event." Id.

22 　　　　In his complaint, Plaintiff describes the underlying events as resulting from a "permanent
23 and settled culture, policy, and/or practice." (Doc. 1, at 18-20.)  However, Plaintiff makes no
24 allegations to suggest the events of May 23, 2014 are connected to his Monell claim by similar
25 constitutional violations, to wit, that the events of May 23, 2014 are an example of a particular
26 custom or policy that has a common thread with the underlying events. For example, Plaintiff
27 argues in his Reply that "It is difficult to imagine an act that demonstrates ratification," of a
28 custom or policy within the meaning of Monell, "more clearly than [Defendants] harassing

Plaintiff" on May 23, 2014, but fails to make clear what custom or policy is being ratified, and if that custom is the same one that caused the underlying events of June 2013. (Doc. 24, at 3.) Therefore, it is difficult to entertain this encounter as anything other than a random event.

Further, Plaintiff failed to allege or otherwise demonstrate that a constitutional violation, similar or dissimilar to the underlying events, occurred on May 23, 2014. Plaintiff readily states that, "Defendants did not arrest Mr. Valenzuela, nor did they issue Mr. Valenzuela any sort of citation" on May 23, 2014. (Doc. 17-1, at 3.) The fact that no constitutional violation is alleged to have occurred on May 23, 2014 makes that encounter significantly less relevant to a Monell claim. "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point." City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S. Ct. 1571, 1573, 89 L. Ed. 2d 806 (1986).

At this time, the Court has nothing in the complaint or motion to compel on which to find the events of May 23, 2014 are relevant to Plaintiff's underlying action. The Court therefore seeks to limit the scope of discovery to the allegations, claims, and defenses present in the complaint.

## IV. CONCLUSION

Based on the foregoing, the Court finds the contested discovery requests are not relevant to the claims in Plaintiff's Complaint. The Motion to Compel is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 4, 2015

_____
United States Magistrate Judge

cc:     The Honorable Cynthia Bashant
        All Parties and Counsel of Record