1

2

3

4

5

6

7

8

9

10

11

12

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14

15

16

17

18

19

20

21

| | |
|---|---|
| **MARIANO VALENZUELA,** | Case No. 14-cv-481-BAS-PCL |
| Plaintiff, | **ORDER DENYING:** |
| **v.** | **PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF MICHAEL BOSTIC** |
| **CITY OF CALEXICO, SERGEANT FRANK URIARTE, OFFICER PETER J. WEST, OFFICER VICTOR FLORES, OFFICER CARLOS RAMIREZ, Chief of Police POMPEYO TABAREZ, Former Chief of Police JIM NEUJAHR, and DOES 1 through 25, inclusive,** | [Doc. 41] |
| Defendants. | |

22

**I. INTRODUCTION**

23     Now before the Court is Plaintiff's Motion to Compel Deposition of Michael Bostic,

24 current Chief of Police for the City of Calexico, and a non-party to this suit. (Doc. 41.) The

25 motion was filed March 20, 2015, pursuant to Federal Rule of Civil Procedure 37. Defendants

26 filed an Opposition on April 2, 2015, and Plaintiff filed a Reply on April 9, 2015. (See Docs. 51,

27 55.) After thorough consideration of all moving papers and exhibits, and based on the following,

28 the Court **DENIES** the Motion to Compel.

## II. BACKGROUND

Plaintiff filed suit pursuant to 42 U.S.C. § 1983, alleging civil rights violations giving rise to claims for: (1) false arrest and imprisonment; (2) battery; (3) negligence; (4) unlawful seizure, arrest, and detention; (5) unlawful entry into home; (6) use of excessive force; (7) a claim against Defendant City of Calexico under Monell v. Dept. of Soc. Serv. of the City of New York, 436 U.S. 658 (1978); (8) failure to properly train; (9) failure to supervise and discipline; and (10) violations of the Bane Act, California Civil Code §§ 52.1 and 52. (Doc. 1, at 6-9.) Plaintiff's complaint includes the following relevant factual allegations in support of these causes of action:

At the direction of Defendant Uriarte, Defendants Ramirez and Flores went to Plaintiff's house on June 11, 2013 in response to a domestic violence complaint. (Plaintiff's Compl., Doc. 1, ¶¶ 21-23, 41.) Defendants Ramirez and Flores arrested Plaintiff without probable cause, and during that arrest used excessive force, including physical abuse and the use of a Taser. (Id. at ¶¶ 23-26, 83.) Plaintiff sustained several bodily injuries. (Id. at ¶¶ 29-31, 85.) The police incident-reports of the Defendant officers differed, Id. at ¶ 27, suggesting they were falsified, misleading, or incomplete. (Id. at ¶¶ 32, 36.) No corrective action was taken by Defendants Uriarte, Neujahr, or Tabarez to remedy the situation, Id. at ¶¶ 63-64, 96, and no supervising officer from the Calexico Police Department took steps to supervise Defendants Flores and Ramirez during their arrest of Plaintiff or during their subsequent filing of reports. (Id. at ¶ 110.)

In addition, Plaintiff's complaint includes many conclusory allegations, unaccompanied by factual assertions. (See id., passim.) While the Court recognizes that all of the allegations in the complaint may ultimately prove to be true, many of the allegations suggesting causes of the incident on June 11, 2013 are strikingly lacking of factual support. Among others, these allegations include:

Defendants Uriarte and Neujahr failed to properly train, supervise, and control Defendants Flores and Ramirez, which caused Plaintiff's injuries. (Id. at ¶¶ 58-67, 100-107, 110-120.) Defendant Uriarte and Neujahr ratified the acts of Defendants Flores and Ramirez, and this caused the injuries of Plaintiff. (Id. at ¶¶ 66-67.) The acts of Defendants Flores and Ramirez were consistent with a custom and practice of harassing and physically abusing citizens, and then

arresting them, which was endorsed, promulgated, or tolerated by Defendant Calexico Police Department's policy-makers, and this custom caused the incident on June 11, 2013. (Id. at ¶¶ 91, 94, 97.)

Plaintiff has attached a declaration of counsel and several video exhibits in support of this motion to compel, which attempts to explain the connection of Michael Bostic ("Chief Bostic") to the underlying incident, outlined above. (Doc. 41-1, Decl. Brody McBride.) According to Plaintiff, Chief Bostic "may be the single most important individual regarding Plaintiff's Monell and Negligent Hiring, Retention, and Supervision causes of action..." (Doc. 41-2, at 2.) Plaintiff asserts that Chief Bostic: was hired to root out corruption in the Calexico Police Department, based on his prior law enforcement experience (Doc. 41-1, at ¶ 7); was aware of prior complaints against officers, and the apparent inadequacy of the Calexico Police Department's Investigations Unit (Id. at ¶¶ 13, 16-18); became aware of issues in background investigations (Id. at ¶ 25); became aware of a pattern of retribution against Calexico Police Department members who have tried to bring corruption to light (Id. at ¶ 26); has taken steps to remedy any corruption in the Calexico Police Department (Id. at ¶ 27-29); and personally fired Defendants Duran and Uriarte, among other officers for unspecified reasons. (Id. at ¶ 30.)

On February 12, 2015, Plaintiff served Defendants with a "Notice of Deposition of Chief Bostic and Request for Production of Documents," attached to Defendants' opposition as Exhibit "B",  pursuant to Federal Rules of Civil Procedure 30(b)(6) and 34. (Doc. 51-1, at 2, 5.) Defendants briefly objected to Chief Bostic's deposition as unduly burdensome, oppressive, and harassing, and refused to produce Chief Bostic. (Doc. 51-1, at 12.) As a result, Plaintiff brought this motion to compel pursuant to Federal Rule of Civil Procedure 37.

### III. DISCUSSION

#### A. Legal Standards

District courts enjoy broad discretion in controlling discovery. Palmer v. Ellsworth, 12 F.3d 1107 (9th Cir. 1993); Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); Canadian Am. Oil Co. v. Union Oil Co. of California, 577 F.2d 468 (9th Cir. 1978).

District courts also have broad discretion to determine relevancy for discovery purposes.

14-cv-481-BAS-PCL

Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992). "[F]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. Id. There is also no requirement that the information sought directly relate to a particular issue in the case; rather, relevance "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (citation omitted). However, the party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995); see also Fed. R. Civ. P. 26(b). Further, the moving party must demonstrate actual and substantial prejudice would result from the denial of discovery. Sablan v. Dep't of Fin., 856 F.2d 1317, 1321 (9th Cir. 1988) (denial of motion not an abuse of discretion absent a clear showing that the denial of discovery resulted in actual and substantial prejudice to moving party); Goehring v. Brophy, 94 F.3d 1294, 1305 (9th Cir. 1996); Hallet v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining, and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975)).

Depositions are generally available as a matter of right, i.e., without leave of court, at any time after an action is commenced. Fed. R. Civ. P. 30(a)(1). Typically a party may depose "any person, including a party." Id. The person to be deposed may be a natural person, a public or private corporation, a partnership, a governmental agency or other entity. Fed. R. Civ. P. 30(a)(1), (b)(6); see Adv. Comm. Notes to 2007 Amendment to FRCP 30. When a party refuses to comply with a deposition notice, the party seeking discovery may bring a motion to compel under Rule 37, as Plaintiff has done here. Fed. R. Civ. P. 37(a)(1); see also Doc. 41.

When a district court considers a motion to compel brought pursuant to Rule 37, it must, "on motion or on its own," evaluate such factors as relevance, timeliness, good cause, utility, materiality, and whether the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b); Herbert v. Lando, 441 U.S. 153, 177, 99 S. Ct. 1635, 1649, 60 L. Ed. 2d 115 (1979) ("the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .' With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.") (citations omitted); see also CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 992 (7th Cir. 1995) (a motion to compel may be denied on the ground that the discovery sought would impose an "undue burden" on the responding party, or that its benefits are outweighed by its burdens); Israel Travel Advisory Serv., Inc. v. Israel Identity Tours, Inc., 61 F.3d 1250, 1254 (7th Cir. 1995) (courts may deny motions to compel depositions that would not aid in "the exploration of a material issue"). The Ninth Circuit has repeatedly held that district courts have broad discretion in denying motions to compel, particularly on these bases. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002); Sablan v. Dep't of Fin., 856 F.2d 1317, 1321 (9th Cir. 1988) ("Broad discretion is vested in the trial court to permit or deny discovery, and its discretion to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.")

In addition, a plaintiff seeking discovery cannot rely upon vague or conclusory allegations in its complaint as a basis for a motion to compel. See Stander v. Fin. Clearing & Servs. Corp., 718 F. Supp. 1204, 1210 (S.D.N.Y. 1989) ("It is well settled law that an insufficient and conclusory complaint cannot serve as the basis for discovery aimed at fishing for a possible claim against the purported defendant."); Dillard v. Rumph, 584 F. Supp. 1266, 1269 (N.D. Ga. 1984) ("...the Court is unable at this time, in light of the vague allegations of plaintiff's complaint, to evaluate the merits of plaintiff's motion to compel discovery."); Lanigan

v. Babusch, No. 11 C 3266, 2011 WL 5118301, at *4 (N.D. Ill. Oct. 27, 2011) ("But in order to compel discovery of a party's net worth, the opposing party cannot "merely rely on broad, conclusory allegations in the complaint"); Arnold v. Arnold Corp., 668 F. Supp. 625, 628-29 (N.D. Ohio 1987) aff'd in part, vacated in part sub nom. Arnold v. Arnold Corp.-Printed Commc'ns For Bus., 920 F.2d 1269 (6th Cir. 1990) ("In the Court's opinion, allowing conclusory allegations of fraud, such as those pleaded by the plaintiff in his complaint, to suffice to derail arbitration, or even to compel limited discovery, would allow the exception to swallow the rule."). In general, pleadings must assert more than unadorned "the defendant unlawfully harmed me" accusations to state a claim upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); see Fed. R. Civ. P. Rule 8(a)(2); 28 U.S.C.A. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. at 662, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). "Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Twombly, 550 U.S., at 557, 127 S.Ct. 1955.

**B. Analysis**

1. Plaintiff's Pleadings are Inadequate

As a preliminary matter, the Court must address the inadequate pleading of Plaintiff's Monell claim, failure to properly train claim, and failure to supervise and discipline claim. (Doc. 1, at 6-9.)

The Court finds the allegations in support of these claims are conclusory and amount to "nothing more than a formulaic recitation of the elements," and are thus not entitled to be assumed true. Iqbal, 556 U.S., at 681, 129 S. Ct., 1951; Twombly, 550 U.S., at 554, 127 S. Ct., 1964. As such, they "cannot serve as the basis for discovery aimed at fishing for a possible claim." Stander, 718 F. Supp. at 1210; Dillard, 584 F. Supp. 1266 (N.D. Ga. 1984); Lanigan, 2011 WL 5118301 (N.D. Ill. Oct. 27, 2011); Arnold, 668 F. Supp. 625 (N.D. Ohio 1987). For example, Plaintiff's Monell claim is primarily supported by these allegations:

> 93. Here all bases for municipal liability are present.
> 94. First, the police department had a departmental policy, custom, or

practice (which was promulgated, encouraged, and/or tolerated by the Defendants named herein, to wit, CPD supervisors and those with policy-making authority) of harassing and physically abusing citizens, and arresting them without probable cause in violation of these individual's civil rights.

95. The decision to illegally arrest VALENZUELA on June 11, 2013, was part and parcel of the illegal behavior encouraged by Defendants SERGEANT URIARTE, former CPD Chief NEUJAHR, current CPD Chief TABAREZ, and/or other supervisory DOE defendants with final policy-making authority.

96. When confronted with the illegal arrest of, and excessive force used against, Plaintiff, Defendants SERGEANT URIARTE, former CPD Chief NEUJAHR, current CPD Chief TABAREZ, and/or other supervisory DOE Defendants with final policymaking authority, not only failed to take corrective action, but ratified the illegal conduct of the officers and other DOE Defendants.

97. Overall, the pattern and practice of the CPD and of the individuals with policymaking authority within in (including, but not limited to, SERGEANT URIARTE, former CPD Chief NEUJAHR, current CPD Chief TABAREZ, and/or other supervisory DOE Defendants with final policy-making authority) was such that there was a permanent and settled culture, policy, and/or practice which encouraged the false arrest and imprisonment of, and the use of excessive force against, citizens like Plaintiff.

(Doc. 1, at ¶¶ 93-97.) These allegations are nothing more than a recitation of elements. Plaintiff does not provide any "factual enhancement" for its claim that there existed a departmental policy, custom or practice "of harassing and physically abusing citizens,"[1] Doc. 1, at ¶ 95, such as a second scenario in which this policy was manifested; nor does Plaintiff provide anything more than "naked assertions" that such a policy was promulgated, encouraged, tolerated, or ratified by Defendants, such as ratification of this policy on a separate occasion. See Twombly, 550 U.S., at 557, 127 S.Ct. 1955.  Paragraph 97 is particularly galling for its assertions that there was a "pattern and practice" and "a permanent and settled culture," despite a complete failure to allege more than a single instance of the alleged policy anywhere in the complaint which might demonstrate a "pattern." There are certainly no allegations on the face of the complaint which make a permanent pattern of abuse "plausible." See Iqbal, 556 U.S., at 678, 129 S. Ct., 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

1. Plaintiff appears to have broadened the scope of his alleged custom, policy, or practice to include "filing false police reports to cover up [Defendants'] wrongdoing." (Doc. 41-2, at 3.) Although Plaintiff did allege "The Defendant Officers' reports differ," Doc. 1 at ¶ 27, and thus "Neither of the Defendant Officers' reports is truthful and accurate," Doc. 1 at ¶ 32, which suggests Defendants "falsified portions of their reports to attempt to cover-up their misconduct," Doc. 1 at ¶ 34,–a tenuous conclusion at best–the Complaint does not allege a policy of falsifying police reports, as Plaintiff's Motion to Compel asserts. (Doc. 41-2, at 3.)

1  draw the reasonable inference that the defendant is liable for the misconduct alleged."). 
2  Plaintiff's claims that Defendants failed to properly train, and failed to supervise and discipline, 
3  are similarly conclusory and devoid of factual support. (See Doc. 1, at ¶¶ 58-67; 100-107; 110-
4  120.)

5        As a result of these causes of action being insufficiently pled, the Court will not consider 
6  them in determining whether to grant Plaintiff's Motion to Compel. See Iqbal, 556 U.S. 662, 129 
7  S. Ct. 1937; Twombly, 550 U.S., at 557, 127 S.Ct. 1955; Stander, 718 F. Supp. at 1210; Dillard, 
8  584 F. Supp. 1266 (N.D. Ga. 1984);  Lanigan, 2011 WL 5118301 (N.D. Ill. Oct. 27, 2011); 
9  Arnold, 668 F. Supp. 625 (N.D. Ohio 1987). Therefore, whether Chief Bostic's testimony is 
10  relevant or should be limited for the purposes of Rule 26(b)(2)(C) will be determined only in 
11  light of Plaintiff's remaining causes of action.

12        2. Relevance

13        Chief Bostic was not hired until sixteen months after Plaintiff's arrest on June 11, 2013. 
14  (Doc. 51, at 5.) He was hired as the Calexico Police Department's Interim Chief of Police to 
15  "root out corruption" within the Calexico Police Department. (Doc. 41-2, at 4.) Plaintiff's 
16  primary basis for compelling the deposition of Chief Bostic is his personal knowledge of the 
17  Calexico Police Department's internal investigation of this "corruption." (See Doc. 41-2; Pl.'s 
18  Exhibits 3-12.) Chief Bostic's investigation has uncovered, according to Plaintiff: fraud, 
19  embezzlement, lapses in the hiring process, lack of internal oversight, and a pattern of retribution 
20  against whistle-blowers. (Doc. 41-2, at 5-8.)

21        None of the problems uncovered by Chief Bostic's internal investigation within the 
22  Calexico Police Department, as enumerated by Plaintiff and listed above, relate directly to the 
23  events of June 11, 2013. Nor does Plaintiff assert that Mr. Valenzuela's arrest on June 11, 2013, 
24  is being investigated by Chief Bostic. Nor does Plaintiff allege that the systemic "corruption" 
25  within the Calexico Police Department played any role in Plaintiff's arrest. (See Doc. 1.) In fact, 
26  Plaintiff appears to readily narrow the scope of Chief Bostic's unique personal knowledge to 
27  Plaintiff's Monell and negligent hiring, retention, and supervision causes of action. (Doc. 41, at 
28  2; Doc 55, at 6.) As explained above, these causes of action cannot serve as a basis for

14-cv-481-BAS-PCL

1    compelling discovery given the lack of factual support alleged in the complaint.

2           The party seeking to compel discovery has the burden of establishing that its request

3    satisfies the relevance requirement of Rule 26. Soto, 162 F.R.D., at 610; see also Fed. R. Civ. P.

4    26(b). Plaintiff has not demonstrated to the Court how Chief Bostic's testimony would be

5    relevant to its false arrest and imprisonment, battery, negligence, unlawful seizure, arrest, and

6    detention, unlawful entry into home, use of excessive force, or Bane Act causes of action. These

7    are the only causes of action which have been adequately pled, and thus the only causes of action

8    which could serve as a basis for a motion to compel.  Stander, 718 F. Supp., 1210.

9           3. Alternative Sources of Information

10          A court *must* limit the scope of any discovery method if it determines that "the discovery

11   sought is unreasonably cumulative or duplicative, or can be obtained from some other source

12   that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

13   Similarly, district courts are directed to limit discovery where "the burden or expense of the

14   proposed discovery outweighs its likely benefit." Id.

15          Here, even if Chief Bostic's testimony is deemed relevant, *arguendo*, the Court agrees

16   with Defendants that the City's designated Rule 30(b)(6) witness would be a viable alternative

17   source of information that is more convenient and less burdensome. (See Doc. 51, at 8.)

18   According to Defendants, the City's designee will be available for questioning on:

19          (1) Internal Affairs investigations conducted by the CPD regarding [Defendant]
            Ramirez and [Defendant] Flores, subject to the limitations in the [Magistrate
20          Judge's] order re: plaintiff's motion to compel discovery;

21          (2) Discipline imposed by the CPD on [Defendant] Ramirez and [Defendant]
            Flores, subject to limitations;
22
            (3) How and why [Defendant] Ramirez's and [Defendant] Flores's use of force
23          was consistent with CPD internal guidelines and/or policies; (3) Any and all
            discipline the City imposed on any CPD employee as a result of the arrest of Mr.
24          Valenzuela;

25          (4) The identity of the individual in charge of conducting the internal affairs
            investigations at the time of the incident, the identity of the individuals who
26          reviewed the conduct of [Defendant] Ramirez and [Defendant] Flores,
            [Defendant] Uriarte or [Defendant] West and the results of any review of the
27          conduct of [Defendant] Ramirez and [Defendant] Flores;

28          (5) Any and all relevant training received by [Defendant] Ramirez and

14-cv-481-BAS-PCL

1    [Defendant] Flores.

2    (Doc. 51, at 9.) These areas of questioning appear to be well tailored to the issues present in this

3    case. Further, they fully overlap with any relevant testimony Chief Bostic could provide on the

4    causes of action in Plaintiff's Complaint that might serve as a basis for relief, i.e., Plaintiff's first

5    six causes of action and Bane Act cause of action. This assumes that Chief Bostic's investigation

6    provided him with knowledge of Plaintiff's arrest, which is not alleged.

7        Therefore, even when providing Plaintiff with multiple beneficial assumptions, the Court

8    finds there is a less burdensome alternative to deposing Chief Bostic.

9                                    **IV. CONCLUSION**

10       It is clear to the Court that Plaintiff is engaging in a fishing expedition borne from broad,

11   conclusory allegations, unsubstantiated by facts. A litigant may not file suit in order to "use

12   discovery as the sole means of finding out whether [he has] a case." <u>Szabo Food Serv. Inc. v.</u>

13   <u>Canteen Corp.</u>, 823 F.2d 1073, 1083 (7th Cir. 1989). The Court will not compel discovery

14   relevant only to causes of action that have no facial plausibility. <u>See Iqbal</u>, 556 U.S., at 678, 129

15   S. Ct., 1949.

16       Based on the foregoing, Plaintiff's Motion to Compel the Deposition of Michael Bostic is

17   **<u>DENIED</u>**.

18       **<u>IT IS SO ORDERED.</u>**

19   DATED: May 11, 2015

20                                                   _____

21                                                   United States Magistrate Judge

22   cc:        The Honorable Cynthia Bashant
             All Parties and Counsel of Record
23

24

25

26

27

28